WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bo Li, | No. CV-25-02989-PHX-SPL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

Petitioner Bo Li filed a Petition for Writ of Habeas Corpus Under § 2241 and an Ex Parte Motion for Temporary Restraining Order. (Docs. 1, 2). The Court will require Respondents to answer the Petition and motion for injunctive relief.

Petitioner names Immigrations and Customs Enforcement ("ICE") Field Office Director John Cantu and Acting Director Todd Lyons, Department of Homeland Security ("DHS") Secretary Kristi Noem, and United States Attorney General Pam Bondi as Respondents. (Doc. 1 ¶¶ 13–16).

Petitioner states he is a Chinese citizen who came to the United States to seek asylum. (Doc. 1 ¶ 51). He arrived in the United States in November 2023 and encountered Customs and Border Protection officials in San Diego several miles from the border. (*Id.* ¶¶ 52–53). Petitioner was briefly detained but was released on his own recognizance. (*Id.* ¶¶ 54–57). His release order indicated his release was pursuant to 8 U.S.C. § 1226. (*Id.* ¶ 54). Petitioner was issued a Notice to Appear that did not indicate he was classified as an "arriving alien." (*Id.* ¶ 58). Petitioner moved to Union City, California, appeared at all

1 immigration court hearings, completed all required check-ins with ICE, and filed an
2 application for asylum on April 16, 2024. (*Id.* ¶¶ 60–63). On July 31, 2025, Petitioner
3 appeared in immigration court for a scheduled master calendar hearing. (*Id.* ¶ 67). Counsel
4 for DHS made an oral motion to dismiss the proceedings. (*Id.* ¶ 68). Petitioner requested
5 time to reply and the immigration judge reset the matter and provided Petitioner an
6 opportunity to submit a response. (*Id.*). Upon conclusion of the hearing, Petitioner was
7 arrested by four ICE agents. He was held in ICE's San Francisco Field Office for nearly a
8 week before he was transferred to Arizona. (*Id.* ¶¶ 69–70). Petitioner requested a custody
9 redetermination hearing, submitting evidence indicating his 2023 release from custody was
10 pursuant to Section 1226 and not Section 1225. (*Id.* ¶¶ 72–73). DHS argued Petitioner's
11 detention is pursuant to Section 1225 and, as a result, the immigration judge lacked
12 jurisdiction to consider his custody status. (*Id.* ¶ 74). DHS filed a motion to dismiss
13 Petitioner's removal proceedings indicating DHS intends to pursue expedited removal
14 under Section 1225. (*Id.* ¶¶ 84–86.) Petitioner's removal proceedings have not yet been
15 dismissed; Petitioner has until August 27, 2025 to respond to DHS's motion to dismiss and
16 a master calendar hearing is set for September 3, 2025. (*Id.* ¶¶ 88–90).

Based on these facts, Petitioner presents four claims for relief: his detention violates his substantive and procedural due process rights; his arrest violates his Fourth Amendment rights; and Respondents' policy targeting individuals appearing at immigration hearings for arrest constitutes a violation of the Administrative Procedures Act. Petitioner also moves for an ex parte temporary restraining order directing his immediate release from detention without bond or monitoring or, in the alternative, directing his immediate release and providing a bond hearing. (Doc. 2). A temporary restraining order can be issued without notice

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

1  Fed. R. Civ. P. 65(b)(1) (emphasis added); *see also* LRCiv 65.1 ("Ex parte restraining
2  orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").
3  Petitioner does not submit a declaration in support of his request for TRO. Petitioner
4  therefore does not establish he will suffer irreparable injury before Respondents can be
5  heard in opposition and has not certified the "efforts made to give notice and the reasons
6  why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Because the request for a
7  temporary restraining order fails to comply with Rule 65(b)(1)(B), the Court, in its
8  discretion, will deny without prejudice Plaintiff's ex parte request for a temporary
9  restraining order. *See* LRCiv 65.1.

10  The Court will require Respondents to answer the Petition.

11  Accordingly,

12  **IT IS ORDERED:**

13  (1) Petitioner's Motion for Ex Parte Temporary Restraining Order (Doc. 2) is
14  **denied without prejudice**.

15  (2) Counsel for Petitioner must immediately serve the Petition upon
16  Respondents.

17  (3) If not already issued, the Clerk's Office must issue any properly completed
18  summonses.

19  (4) The Clerk of Court must immediately transmit by email a copy of this Order
20  and a copy of the Petition and Motion for Temporary Restraining Order and Preliminary
21  Injunction to the United States Attorney for the District of Arizona, to the attention of
22  Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at
23  melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

24  (5) Respondents must answer the petition within **twenty (20) days** of the date of
25  service.

26  ///
27  ///
28  ///

3

(6)     Petitioner may file a reply within **ten (10) days** from the date of service of the answer.

Dated this 21st day of August, 2025.

Honorable Steven P. Logan
United States District Judge