# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bo Li, | No. CV-25-02989-PHX-SPL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

The Court has reviewed the Petition for Writ of Habeas Corpus Pursuant to § 2241 and Motion for Emergency Temporary Restraining Order and Preliminary Injunction. (Docs. 1, 8.) Because the motion for injunctive relief is fully briefed, the Court notifies the parties of its intent to consolidate the request for preliminary injunction with the merits in this action pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

**I.   Background**

Petitioner is a Chinese citizen who came to the United States to seek asylum. (Doc. 1 ¶ 51.) He arrived in the United States in November 2023 and encountered Customs and Border Protection officials in San Diego several miles from the border. (*Id.* ¶¶ 52-53.) Petitioner was briefly detained but was released on his own recognizance. (*Id.* ¶¶ 54-57.) His release order indicated his release was pursuant to 8 U.S.C. § 1226. (*Id.* ¶ 54.) Petitioner was issued a Notice to Appear that did not indicate he was classified as an "arriving alien." (*Id.* ¶ 58.) Petitioner moved to Union City, California, appeared at all immigration court hearings, completed all required check-ins with ICE, and filed an

application for asylum on April 16, 2024. (*Id.* ¶¶ 60-63.) On July 31, 2025, Petitioner appeared in immigration court for a scheduled master calendar hearing. (*Id.* ¶ 67.) Counsel for DHS made an oral motion to dismiss the proceedings. (*Id.* ¶ 68.) Petitioner requested time to reply, and the immigration judge reset the matter and provided Petitioner an opportunity to submit a response. (*Id.*) Upon conclusion of the hearing, Petitioner was arrested by four ICE agents. He was held in ICE's San Francisco Field Office for nearly a week before he was transferred to Arizona. (*Id.* ¶¶ 69-70.) Petitioner requested a custody redetermination hearing, submitting evidence indicating his 2023 release from custody was pursuant to 1226 and not 1225. (*Id.* ¶¶ 72-73.) DHS argued Petitioner's detention is pursuant to 1225 and, as a result, the immigration judge lacked jurisdiction to consider his custody status. (*Id.* ¶ 74.) DHS filed a motion to dismiss Petitioner's removal proceedings indicating DHS intends to pursue expedited removal under Section 1225. (*Id.* ¶¶ 84-86.) Petitioner filed the instant Petition challenging his redetention, his arrest, and ICE's practice of arresting individuals following their immigration hearings. (Doc. 1.) He also filed a motion for injunctive relief. (Doc. 8.)

**II.     Discussion**

   **A.     Application of Jurisdiction Stripping Statutes**

In their response to the motion for injunctive relief, Respondents first argue "jurisdiction over [Petitioner's] claims is plainly barred under 8 U.S.C. § 1252(a)(2)(A), § 1252(e), § 1252(g), and § 1252(b)(9)." (Doc. 11 at 6.) Respondents are mistaken. The Court notes Respondents have repeatedly invoked these jurisdiction-stripping provisions despite binding Ninth Circuit authority making clear they do not. First, § 1252(g) "does not preclude jurisdiction over the challenges to the legality of [an alien's] detention." *Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023). *See also Hasan v. Crawford*, 2025 WL 2682255, *4 (E.D. Va. 2025) ("Because Hasan's custody proceedings are independent of, and collateral to, the removal process, § 1252(g) does not serve as a jurisdictional bar. Accordingly, the Court finds that it possesses jurisdiction to entertain Hasan's Petition to the extent he challenges the constitutionality of his detention."). Indeed, Respondents do

not explain how these provisions even arguably apply to the challenge to Petitioner's detention. Nor do §§ 1252(e), 1252(a)(2)(A), or 1252(b)(9) apply at all to Petitioner's claims. Respondents' baseless jurisdictional arguments are rejected.

### B.   Authority for Petitioner's Detention

With respect to the merits of Petitioner's detention, Respondents maintain he is subject to mandatory detention under 1225(b)(2). Again, Respondents are mistaken. This case is nearly identical to *Martinez v. Hyde*, ___ F.Supp.3d ____, 2025 WL 2084238 (D. Mass. July 24, 2025). In that case, the government similarly maintained the petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The district court noted, for that provision to apply, several conditions must be met. Specifically, an "examining immigration officer" must determine that the individual is: (1) an "applicant for admission"; (2) "seeking admission"; and (3) "not clearly and beyond a doubt entitled to be admitted." *Id.* at *2. Martinez's Order of Release did not reflect she was examined or detained under section 1225 but, rather, explicitly premised her release on 1226.

Petitioner's Order of Release is identical and reflects the following:

> Date: _____
> Event No: BRF2411000272
>
> Name: BC   LI _____
>
> You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

(Doc. 8-1 at 5.) Section 236 of the Immigration and Nationality Act corresponds with 8 U.S.C. § 1226. The district court in *Martinez* went on to explain why, as a result, Martinez's detention was authorized under § 1226 and not § 1225.

Individuals detained under section 1225 can only be paroled into the United States "for urgent humanitarian reasons or significant public benefit." *Jennings v. Rodriguez*, 583 U.S. 281, 300 (quoting 8 U.S.C. § 1182(d)(5)(A)). But "[r]elease on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under section 1182(d)(5)(A) but rather a form of 'conditional parole' from detention upon a charge of

- 3 -

removability, authorized under section 1226." *Id.* at *3 (citing *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding that a non-citizen released on an "Order of Release on Recognizance" necessarily must have been detained and released under section 1226, including because he was not an "arriving alien" under the regulations governing section 1225 examinations).

Further, like in *Martinez*, Petitioner's Notice to Appear explicitly declined to designate Petitioner as an "arriving alien," which is the active language used to define the scope of section 1225(b)(2)(A) in its implementing regulation. 8 C.F.R. § 235.3(c)(1).

```
In removal proceedings under section 240 of the Immigration and Nationality Act:
Subject ID:389422430        FINS #:1233741559
                            DOB: 11/27/1993                File No: A245 455 231
In the Matter of:                                          Event No:BRF2411000272
Respondent:                                  BO    LI                currently residing at:

FAILED TO PROVIDE ADDRESS EOIR-33 DOCKET FREMONT, CALIFORNIA, 94539-6118    +1 (565) 598-5543
           (Number, street, city, state and ZIP code)             (Area code and phone number)

[ ] You are an arriving alien.
[X] You are an alien present in the United States who has not been admitted or paroled.
[ ] You have been admitted to the United States, but are removable for the reasons stated below.
```

As explained in *Martinez*:

> The absence of any suggestion by the issuing officer that Petitioner was "seeking admission" is further emphasized by the fact that she *was* deemed, at the time, "present in the United States[.]" []  As another session of this court recently explained, section 1225(b)(2) cannot be read to mandate detention of non-citizens already present within the United States, based on certain inadmissibility grounds, as that would nullify a recent amendment to the immigration statutes.

*Martinez*, 2025 WL 2084238 at *7 (citing *Gomes v. Hyde*, 2025 WL 1869299, at *5–8 (D. Mass. July 7, 2025)).  Respondents do not address these obvious discrepancies, much less explain why it is permissible to unilaterally reclassify Petitioner's detention as authorized under § 1225 when he was released on his own recognizance, which is only possible when removal proceedings arise under § 1226. Respondents' abject failure to address any of these issues compels the Court to conclude Petitioner's removal proceedings were initiated

under § 1226 and his redetention was unlawful. The Petition is granted.[1]

**IT IS THEREFORE ORDERED:**

1. Pursuant to Federal Rule of Civil Procedure 65(a), the decision on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8) is consolidated with the merits.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to Petitioner's Second Claim for Relief. The Petition is otherwise denied without prejudice as moot.

3. Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

4. Respondents must provide a Notice of Compliance within three days of releasing Petitioner.

5. The Clerk shall enter judgment in Petitioner's favor and close this case.

Dated this 7th day of October, 2025.

Honorable Steven P. Logan
United States District Judge

---

[1] Because the Court grants relief under Petitioner's Second Claim for Relief, it will deny the remainder of the petition as moot.